UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEANNA ATCHLEY            )
                          )
        Plaintiff,        )
                          )
v.                        ) Civil Action No. 3:22CV-679-CHB
                          )
HUMANA, INC.,             )
                          )
        Defendant.        )
                          )
Serve:  Registered Agent  )
        CT Corporation System )
        306 West Main Street, Suite 512 )
        Frankfort, KY 40601 )
                          )
_____ )

**COMPLAINT**

Comes now the Plaintiff, Deanna Atchley, by and through counsel, and for her Complaint against the Defendant, states as follows:

**I. PARTIES, VENUE, AND JURISDICTION**

1. That at all relevant times herein Plaintiff, Deanna Atchley, (hereinafter "Atchley") was a citizen and resident of Louisville, Jefferson County, Kentucky.

2. That at all relevant times herein, Defendant Humana, Inc., (Hereinafter, "Humana" and/or "Defendant") was and is a foreign corporation based out of Delaware, licensed to do business in the Commonwealth of Kentucky, with its principal place of business located at 500 West Main Street, Louisville, Jefferson County, Kentucky, 40202.

3. This action is brought pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §§ 2601 *et seq*.; 29 U.S.C. § 2615; and 29 U.S.C. § 2617, which specifically confers jurisdiction on this Court for any claim of an FMLA violation. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which confers general subject matter jurisdiction on this Court for all civil claims arising under the laws of the United States, of which the FMLA is such a law.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as all of the events alleged herein occurred in this District. Further, Defendant Humana has its principal business office in this district and resides here pursuant to 28 U.S.C. § 1391 (c)(2) and venue is therefore proper under 28 U.S.C. § 1391(b)(1). Defendant Humana is subject to the Court's personal jurisdiction in this District due to its extensive business operations, holdings, and contacts in this District. Therefore, venue is appropriate in this District as to Defendant Humana under 28 U.S.C. § 1391(d) & 1391(b)(2).

## II. **STATEMENT OF FACTS**

5. Humana is one of the largest and most prominent health insurance companies in the United States.[1] At all times relevant to the allegations herein, Humana has had 50 or more employees working at its principal business office located at 500 West Main Street, Louisville, Jefferson County, Kentucky, 40202. Humana

---

[1] See https://www.humana.com/about/

2

employees more than 90,000 people nationwide, including more than 12,000 employees in the Louisville area.[2]

6. Atchley is an attorney.[3] On or about October 14, 2019, Humana hired Atchley to work in their Human Resources Department at their principal business office located at 500 West Main Street, Louisville, Jefferson County, Kentucky. Her job title was "Senior Associate Relations Professional". Her duties in that role included conducting human resources investigations into allegations of employee misconduct. Atchley remained employed with Humana continuously as a full-time employee working 40 hours or more per week from October 14, 2019 until she was terminated on May 16, 2022. Atchley worked at her job as a human resources investigator for Humana for more than 1,250 hours of service in the 12-month period immediately preceding any request made by Atchley for FMLA leave.

7. The Plaintiff suffers from fibromyalgia. Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory, and mood issues.[4] When the Plaintiff's fibromyalgia symptoms would flare up, she was sometimes unable to work, and would often need to see her doctor during these occasions. The flare-ups often occurred without warning, causing the Plaintiff to have to unexpectedly use "PTO" (paid personal days off).

---

[2] *See* https://www.courier-journal.com/story/money/companies/2022/02/17/humana-sets-return-work-date-covid-19-omicron-variant-wanes/6832583001/

[3] The Plaintiff successfully graduated from Washington University in St. Louis School of Law School in 2009. She was admitted to the Missouri Bar in 2009, but is not licensed in the state of Kentucky. Atchley's background and education as a lawyer aided her in the performance of her job at Humana; however, her duties did not involve representing clients, appearing in court, offering legal advice, or practicing law.

[4] *See* https://www.mayoclinic.org/diseases-conditions/fibromyalgia/symptoms-causes/syc-20354780 ("Women are more likely to develop fibromyalgia than are men. Many people who have fibromyalgia also have tension headaches, temporomandibular joint (TMJ) disorders, irritable bowel syndrome, anxiety and depression.")

8. In early January 2022, Mya Miller became Plaintiff's immediate supervisor. The Plaintiff told Miller about her fibromyalgia, and advised her that it sometimes caused her to have to take days off on short notice. On the evening of February 7, 2022, the Plaintiff scheduled a doctor's appointment for the next day due to increasingly severe fibromyalgia symptoms combined with post-COVID 19 symptoms that had been troubling her. She scheduled this appointment in accordance with the procedure for medical appointments that she had been taught and had used since she began working in Humana in 2019. However, the next day she was reprimanded by Ms. Miller for scheduling a doctor's appointment without Miller's advance approval, something which the Plaintiff had never had to do before either with Ms. Miller or the supervisor before her.

9. In late April and early May of 2022, the Plaintiff completed a particularly arduous stretch of long and busy days at her job with a number of late nights at the office. The Plaintiff became so fatigued and ill[5] from this effort,[6] she could barely get out of bed and lacked the strength and energy to perform her essential job functions such as sitting at a desk, interviewing people, and typing on a computer all day. She therefore took two PTO days off on May 5th and 6th, 2022.

10. Due to the medical conditions described in paragraph #9 above, the Plaintiff realized she lacked the strength to work, and was likely to have additional days

---

[5] In addition to extreme fatigue, the Plaintiff also suffered from severe nausea, muscle and joint pain, weakness, and intermittent fever.

[6] On May 4, 2022, the Plaintiff's physician diagnosed her with "long-COVID". *See* https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects/index.html.   The long-COVID symptoms, when combined with her fibromyalgia, rendered the Plaintiff unable to work, and directly precipitated her decision to formally apply for FMLA benefits on May 5, 2022.

where she was unable to work in the near future. Therefore, on May 5, 2022, the Plaintiff formally applied for FMLA through Unum, a third-party administrator hired by Humana to process FMLA applications. (*See attached exhibit*). Because of her work experience in the human resources department at Humana, the Plaintiff has first-hand knowledge that it is a standard and customary practice for Unum to immediately notify Humana management of any request by a Humana employee for FMLA. Management, in turn, sends a notification to the employee's direct supervisor of such a request. Thus, upon information and belief, Ms., Miller was immediately notified of the Plaintiff's FMLA request.

11. On May 6, 2022, the Plaintiff informed Ms. Miller that her doctor had just diagnosed her with "long COVID", and that she was likely to need to take time off for that condition.

12. On May 16, 2022, Ms. Miller called the Plaintiff along with Oliva Cissell, a human resources manager. Ms. Miller told the Plaintiff she was terminated effective immediately for allegedly informing the subject of an H.R. investigation the name of the employee who had made a complaint against him in violation of company policy. The Plaintiff was in shock and merely replied, "Wow!" Miller and Cissell then told the Plaintiff that her health insurance benefits would be terminated immediately as well.

13. When the Plaintiff recovered from the shock of learning that she was fired, she realized what Miller was talking about in reference to revealing the name of the complainant in an H.R. investigation. Miller had falsely accused the Plaintiff; it was not the Plaintiff who had revealed this sensitive information, but rather,

another employee, named Mike Bully, who had inadvertently and accidentally done so.  Bully is still employed by Humana as of the date of this writing.

### III.   PLAINTIFF'S SUPPORTING DOCUMENTATION

The Plaintiff is in possession of the following documentation which corroborates and supports the factual allegations set forth in paragraphs #1-13 above.  The Plaintiff hereby submits these items as attachments to the Complaint in support of her allegations against the Defendants.

14. Letter from Unum to Deanna Atchley opening a request for FMLA, 5/5/22 (*EXHIBIT #1*)
15. Letter from Unum to Robert Francis, APRN, Plaintiff's family practitioner, regarding Plaintiff opening an FMLA claim, 5/5/22   (*EXHIBIT #2*)
16. Letter of Termination from Humana to Deana Atchley, 5/16/22   (*EXHIBIT #3*)

### IV.   CAUSES OF ACTION

**COUNT I    -- FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615(a)(1)**

*and*

**COUNT II    -- FMLA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615(a)(2)**

17. The Plaintiff fully and completely restates and reincorporates the averments contained in paragraphs #1- #16 above as if fully set forth herein.

18. At all relevant times hereto, Atchley was an "eligible employee" for FMLA benefits under 29 U.S.C § 2611(2)(a) and (2)(b) in that she was employed by Humana for more than 12 months prior to her first request for FMLA leave on May 5, 2022; and that she had worked more than 1,250 hours of service for Humana during the 12-month period immediately preceding June May 5, 2022.  Further, Humana was an "employer" under 29 U.S.C. § 2611(4) in that Atchley was employed by Humana at a worksite located at 500 West Main Street, Louisville, Jefferson County, Kentucky, in which Humana employed 50 or more employees at all times relevant to the allegations contained within this Complaint.

19. Atchley was entitled to FMLA leave from May 5, 2022, when she first requested it until May 16, 2022, the date she was terminated. During this time period, Atchley suffered a serious health condition (fibromyalgia and long-COVID) which rendered her medically unable and unfit to perform the essential functions of her job as a human resources investigator, (a job which requires mental clarity, attentiveness, and physical stamina at all times for tasks such as interviewing witnesses in HR investigations and drafting complex written reports about the same).  During this time period, Atchley had ongoing treatments and care with Robert Francis, APRN, with Premise Health in Louisville for these conditions.

20. Atchley gave Humana notice of her intention to take FMLA leave as soon as practicable after she became too ill to work on May 5, 2022. Atchley gave this notice through Unum, a third-party administrator hired by Humana to

      coordinate and handle requests by employees for FMLA benefits. Unum immediately notified Humana of Atchley's request for FMLA upon receipt of her request on May 5, 2022. (*See Exhibits #1 and #2*).

21. Humana denied Atchley FMLA benefits to which she was entitled, and retaliated against her for seeking such benefits, by terminating her employment effective May 16, 2022, prior to the start of the FMLA leave that she had requested just 11 days before, on May 5, 2022. Due to the close timing of the termination to Atchley's request for FMLA leave, coupled with the fact that Humana's stated reason for her termination (revealing the name of the accuser to the target of an FMLA investigation) is pretextual[7], there is a reasonable inference that Atchley's request for FMLA was a substantial motivating factor for Humana in terminating her employment.

22. Under the legal doctrine of *respondeat superior*, Humana is vicariously liable for the tortious actions, decisions, and omissions of its employees, managers, officers, and agents including, but not limited to, Mya Miller and Olivia Cissell.

23. Because of the Defendant's FMLA interference and retaliation, the Plaintiff has suffered a loss of income, both in front pay and back pay.

---

[7] As explained in paragraph #13 above, it was actually another employee named Mike Bully who had committed the alleged and accidental infraction. Bully is still employed by Humana. Therefore, Humana either knowingly decided to blame Bully's wrongful act on the Plaintiff as a pretextual excuse to get rid of her, or in the alternative, willfully turned a blind eye, and failed to conduct even a cursory investigation of the true facts surrounding the incident.

24. All of the facts described under paragraphs #18-#23 above are intended to apply equally and jointly to the Plaintiff's FMLA interference and FMLA retaliation claims.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following:

1. A trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38;

2. Judgment in favor of the Plaintiff against the Defendant by reason of its violations of the FMLA as set forth above;

3. All damages, expenses, attorney's fees, costs, and other relief contemplated and allowed by 29 U.S.C. § 2617;

4. Pre- and post-judgment interest;

5. Any and all other relief to which the Plaintiff may otherwise be properly entitled under the laws and regulations of the United States.

Respectfully submitted,

/s/ *Andrew S. Epstein*
ANDREW S. EPSTEIN (#90635)
VANESSA B. CANTLEY (#90279)
PATRICK E. MARKEY (#96502)
Bahe, Cook, Cantley, & Nefzger PLC
1041 Goss Avenue
Louisville, Kentucky 40217
(502) 587-2002 (phone)
andrew@bccnlaw.com
vanessa@bccnlaw.com
patrick@bccnlaw.com
*Counsel for the Plaintiff*